UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURALEB, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) 06 C 3496 |
| v. | ) |
| | ) Judge George M. Marovich |
| PRODUCTION ASSOCIATION | ) |
| "MINSK TRACTOR WORKS," | ) |
| REPUBLIC OF BELARUS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Suraleb, Inc. ("Suraleb") filed this action to confirm a foreign arbitration award resulting from an arbitration between it and respondent Production Association "Minsk Tractor Works," Republic of Belarus ("MTW"). Petitioner has filed a motion to confirm the arbitration award. For the reasons set forth below, the Court grants the motion and confirms the arbitration award.

**I.      Background**

At about the turn of the century, Suraleb and MTW entered an agreement whereby Suraleb agreed to help MTW collect certain debts in the United States. In 2003, the parties disputed the proper fee for services and, pursuant to an arbitration agreement, submitted the dispute to an arbitration proceeding in Sweden.

On May 31, 2006, in Stockholm, Sweden, the arbitrators rendered a final award (the "Award"). They rendered the following award:

7   **AWARD**

    7.1    Production Association "Minsk Tractor Works" shall pay the sum of 2,166,555.00 United States dollars to Suraleb, Inc. against delivery of the assets collected by Suraleb, Inc. on behalf of Production Association "Minsk Tractor Works", as those assets are currently.

    7.2    Suraleb, Inc. shall deliver to Production Association "Minsk Tractor Works" assets collected by Suraleb, Inc. on behalf of Production Association "Minsk Tractor Works" as those assets are currently against payment of 2,166,555.00 United States Dollars.

    7.3    Production Association "Minsk Tractor Works" is ordered to pay simple interest (not compounded) to Suraleb, Inc. on the sum of 2,166,555.00 United States Dollars from 13 April 2003 until the date of this award at the rate of 5 percent per annum.

    7.4    Production Association "Minsk Tractor Works" is ordered to pay to Suraleb, Inc. the sum of 987,224.61 United States Dollars as compensation for the cost of legal representation in this arbitration.

    7.5    Production Association "Minsk Tractor Works" is ordered to pay to Suraleb, Inc. the sum of 1,203,761 Swedish Kronor representing costs of arbitration.

    7.6    Suraleb, Inc. shall be free to seek post award interest under applicable rules.

    7.7    The costs of arbitration and the liability for them shall be as set out at paragraph 6.6 above.

    7.8    All other claims are denied.

(Award at 38-39). Paragraph 6.6 of the award stated that "[t]he parties shall be jointly and severally liable for [the costs of the arbitration]. As between the parties they shall be ultimately borne by MTW." (Award at 38).

Suraleb filed a petition to confirm the foreign arbitration award and a motion to confirm. In addition, each party also seeks an award of pre-judgment (post-award) interest against the other party.

## II. Discussion

### A. Petitioner's motion to confirm

The statute adopting the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (a/k/a the New York Convention) provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207 (emphasis added). Section 203 grants federal jurisdiction over "such an action or proceeding." 9 U.S.C. § 203. The New York Convention covers "arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought." *See* New York Convention Art. I Sect. 1. The parties implicitly agree that because the arbitration was conducted in Sweden, it is covered by the New York Convention.

Confirmation of the arbitral award is mandatory unless the respondent establishes one of the bases for refusal or deferral of recognition. *See Employers Ins. of Wausau v. Banco De Securos Del Estado*, 199 F.3d 937, 942 (7th Cir. 2000); *Europcar Italia SpA v. Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998); *Alto Mar Girassol v. Lumberman's Mutual Cas. Co.*, Case No. 04 C 7731, 2005 WL 947126 (N.D. Ill. Apr. 12, 2005). Article V of the New York Convention sets out the grounds for refusing to confirm an award. In simple terms, the Court must confirm the award unless the respondent establishes one of the following: (a) the party was incapacitated or the agreement was invalid under applicable law; (b) lack of proper notice; (c) the dispute was not covered by the arbitration agreement; (d) the arbitration procedure was contrary to law of the country in which it took place; (e) the award is not yet binding; (f) the

subject matter is not arbitrable under U.S. law; or (g) enforcement of the award would be contrary to public policy. *See* New York Convention Art. V.

Respondent fails to establish any of the grounds for refusal to confirm a foreign arbitral award. Accordingly, confirmation is mandatory, and the Court hereby confirms the Award. This will not disappoint MTW, which not only concedes that the Award should be confirmed but also requests such confirmation.

### B. The Parties' requests for prejudgment, post-award interest

Although no United States statute governs prejudgment, post-award interest with respect to confirmation of foreign arbitral awards, the federal common law allows such awards. *See Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998). In the Seventh Circuit, prejudgment interest is "presumptively available" because "[w]ithout it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." *Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). There being no statutory rate for prejudgment interest, the Seventh Circuit "suggests that district judges use the prime rate for fixing prejudgment interest." *Id.*

In this case, both parties have failed to comply with the terms of the arbitral award. MTW has failed to transfer money, and Suraleb has failed to transfer property. Only Suraleb has been deprived of the use of its money. The Court does not want to provide MTW any additional incentive to delay payment, so it grants Suraleb prejudgment interest. The Court will not compensate MTW for the loss of use of its property, because the Court thinks that if MTW were truly concerned about the return it could be earning on its property, it would have paid Suraleb by now.

The Court grants Suraleb prejudgment interest on the arbitral award from May 31, 2006 to December 5, 2006 (the date judgment is to be entered). Although the Seventh Circuit recommends using the Prime Rate (which is 8.25%), the parties agree that 4.99% is an appropriate rate for prejudgment interest in this case. Accordingly, the Court awards Suraleb prejudgment interest in the amount of $88,777.96.[1]

C.     28 U.S.C. § 1610(c)

As the parties have pointed out, the Foreign Sovereign Immunities Act provides, in relevant part, that a foreign state's property within the United States cannot be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment . . ." 28 U.S.C. § 1610(c). The parties seem to want the Court to decide now what a reasonable amount of time would be. Given that no judgment has entered, this issue is not yet ripe for decision. Even were it ripe, in making the decision, the Court is to consider such factors as "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *See Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp.2d 64, 67 (D. D.C. 2001). The parties have submitted no admissible evidence on these subjects. Thus, even were the issue ripe, the Court has no basis upon which to make the necessary determination.

---

[1]This amount is based on (1) the exchange rate of .1477 U.S. dollars per Swedish Kronor (the exchange rate listed in the December 4, 2006 *Wall Street Journal*); and (2) quarterly compounding of interest.

## IV. Conclusion

For the reasons set forth above, the Court grants petitioner's motion to confirm. The clerk is directed to enter a judgment (1) confirming the May 31, 2006 arbitral award and (2) granting petitioner Suraleb, Inc. $88,777.96 in prejudgment interest.

ENTER:

*/s/ George M. Marovich*

George M. Marovich
United States District Judge

DATED: December 5, 2006