UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURALEB, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) 06 C 3496 |
| v. | ) |
| | ) Judge George M. Marovich |
| PRODUCTION ASSOCIATION | ) |
| "MINSK TRACTOR WORKS," | ) |
| REPUBLIC OF BELARUS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

On December 5, 2006, the Court entered a judgment (1) confirming a foreign arbitration award involving Suraleb, Inc. ("Suraleb") and Production Association "Minsk Tractor Works," Republic of Belarus ("MTW") and (2) awarding Suraleb prejudgment interest in the amount of $88,777.96. Neither party has complied with the judgment, and MTW has filed a motion titled a "Motion for Enforcement of Judgment." For the reasons set forth below, the Court denies the motion.

## I. Background

At about the turn of the century, Suraleb and MTW entered an agreement whereby Suraleb agreed to help MTW collect certain debts in the United States. In 2003, the parties disputed the proper fee for services and, pursuant to an arbitration agreement, submitted the dispute to an arbitration proceeding in Sweden.

On May 31, 2006, in Stockholm, Sweden, the arbitrators rendered a final award (the "Award"). They rendered the following award:

**7      AWARD**

7.1    Production Association "Minsk Tractor Works" shall pay the sum of 2,166,555.00 United States dollars to Suraleb, Inc. against delivery of the assets collected by Suraleb, Inc. on behalf of Production Association "Minsk Tractor Works", as those assets are currently.

7.2    Suraleb, Inc. shall deliver to Production Association "Minsk Tractor Works" assets collected by Suraleb, Inc. on behalf of Production Association "Minsk Tractor Works" as those assets are currently against payment of 2,166,555.00 United States Dollars.

7.3    Production Association "Minsk Tractor Works" is ordered to pay simple interest (not compounded) to Suraleb, Inc. on the sum of 2,166,555.00 United States Dollars from 13 April 2003 until the date of this award at the rate of 5 percent per annum.

7.4    Production Association "Minsk Tractor Works" is ordered to pay to Suraleb, Inc. the sum of 987,224.61 United States Dollars as compensation for the cost of legal representation in this arbitration.

7.5    Production Association "Minsk Tractor Works" is ordered to pay to Suraleb, Inc. the sum of 1,203,761 Swedish Kronor representing costs of arbitration.

7.6    Suraleb, Inc. shall be free to seek post award interest under applicable rules.

7.7    The costs of arbitration and the liability for them shall be as set out at paragraph 6.6 above.

7.8    All other claims are denied.

(Award at 38-39). Paragraph 6.6 of the award stated that "[t]he parties shall be jointly and severally liable for [the costs of the arbitration]. As between the parties they shall be ultimately borne by MTW." (Award at 38).

Suraleb filed a petition to confirm the foreign arbitration award and a motion to confirm. Pursuant to the New York Convention and the Court's jurisdiction under 9 U.S.C. § 203, the Court confirmed the foreign arbitration award. The Court's confirmation of the award was *mandatory* because neither party came forward with evidence of any of the exceptions to the requirement that such arbitration awards be confirmed. *See* 9 U.S.C. § 207 ("The court *shall*

confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.")(emphasis added); *Employers Ins. of Wausau v. Banco De Securos Del Estado*, 199 F.3d 937, 942 (7th Cir. 2000); *Europcar Italia SpA v. Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998); *Alto Mar Girassol v. Lumberman's Mutual Cas. Co.*, Case No. 04 C 7731, 2005 WL 947126 (N.D. Ill. Apr. 12, 2005).

The parties could have complied with the terms of the arbitration award between the time it was issued in May 2006 and the time the Court confirmed it in December 2006. The parties could have complied with the award after the Court confirmed the award. They have not. The parties agree that they have not complied with the award because they are engaged in a game of chicken. MTW does not want to pay the cash award and prejudgment interest to Suraleb until Suraleb provides it a list of assets that Suraleb is to transfer to MTW. Suraleb does not want to provide a list of assets or transfer the assets until MTW pays the cash award. The parties cannot agree on a date for a mutual exchange.

Although MTW has called its motion a motion for enforcement of judgment, what it really wants is for the Court to put an end to its game of chicken. The parties want the Court to accept into the Court's registry MTW's payment to Suraleb and Suraleb's list of assets. The parties want the Court to supervise the transfer of Suraleb's assets to MTW. MTW wants the Court to deduct from the amount it releases to Suraleb any amounts for the diminution of value of the assets Suraleb holds for MTW.

**II. Discussion**

Federal courts are courts of limited jurisdiction, and neither the parties nor their lawyers can stipulate to jurisdiction. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th

Cir. 2001). A court must always assure itself that it has jurisdiction. The Court had jurisdiction to enter the judgment in this case pursuant to 9 U.S.C. § 203. The Court has ancillary jurisdiction to enforce that judgment. *See Yang v. City of Chi.*, 137 F.3d 522, 526 (7th Cir. 1998).

The Court's power to *amend* the judgment, however, is limited. First, the Court never had the power to amend the underlying arbitration decision absent certain conditions outlined in the New York Convention, and no party argues that it can establish those conditions. Second, the Court cannot amend the judgment except pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, and the parties have neither argued nor made the requisite showing for the application of either of those rules. Thus, the Court cannot change the amounts awarded in the judgment.

Instead, the parties want the Court to take certain actions to help the parties get out of their game of chicken. First, the parties want the Court to accept into the Court registry the funds MTW owes Suraleb pursuant to the judgment and the assets Suraleb owes MTW pursuant to the judgment. Rule 67 of the Federal Rules of Civil Procedure provides, in relevant part:

> In an *action* in which any part of the *relief sought* is a judgment for a sum of money or the disposition of a sum of money . . . , a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing . . .

Fed.R.Civ.P. 67 (emphasis added). The purpose of the rule is to relieve the depositor of responsibility for *disputed* funds (and, perhaps, for interest thereon) while the parties litigate ownership of the funds. *See Cajun Elec. Power Coop. v. Riley Stoker Corp.*, 901 F.2d 441, 444-445 (5th Cir. 1990). Here, however, there is no dispute as to the funds. The Court has *already* entered a judgment requiring MTW to pay Suraleb more than $3.2 million. This is the amount

the arbitrator awarded plus prejudgment interest, and the amount cannot be changed. The funds belong to Suraleb. Where, as here, there is *no dispute* as to the funds, courts have exercised their discretion to decline to accept the funds into the Court registry. *See Engineered Medical Sys., Inc. v. Despotis*, Case No. 05 C 170, 2006 WL 1005024 (S.D. Ind. April 14, 2006) (refusing to accept undisputed funds into court registry); *D'Angelo v. McKinney Towing, Inc.*, Case No. 89-2520, 1990 WL 223013 (E.D. La. Dec. 14, 1990) (refusing to accept undisputed funds into court registry). Even in *United States Overseas Air v. Compania Aerea Viajes*, the case on which MTW relies, there was a dispute over the funds. *Compania Aerea*, 161 F Supp. 513, 515-516 (E.D. N.Y. 1958) (court accepted funds into court registry where it was clear party had to pay a sum certain but it was unclear to whom the party had to pay the sum).

Because the entitlement and the amount are undisputed, the Court declines to accept the funds–or anything else the judgment requires the parties to exchange–into the Court's registry.

Finally, the parties seem to think it is the Court's responsibility to adjudicate any dispute that may arise in the future between the parties once they actually comply with their respective portions of the judgment. It seems the parties suspect MTW may have a claim against Suraleb for diminution in the value of the assets Suraleb must transfer to MTW. That may be, but that issue will become ripe only when Suraleb actually transfers the assets. Furthermore, even when that issue becomes ripe, the parties have given the Court no reason to think it will have jurisdiction over (or be the proper venue for adjudicating) any such claim.

Although the Court will not accept the funds and assets into the Court registry or overstep its jurisdictional grant, the parties are not without options. MTW, for example, which seems anxious to receive a list of the assets Suraleb is holding, might do well to issue a simple

discovery request.  *See* Fed.R.Civ.P. 69(a).  As for Suraleb, it might to do well to follow the usual steps for discovering assets and having those assets applied to the judgment.  *See* Fed.R.Civ.P. 69(a); *Equal Employment Opportunity Comm'n. v. Paragon Rest., Inc.*, Case No. 95 C 667, 1999 WL 231678 at *6 (N.D. Ill. March 26, 1999).  Of course, it might be simpler just to agree on a date to transfer the money and assets.

**IV.**     **Conclusion**

For the reasons set forth above, the Court denies the motion.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: February 20, 2007