UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SURALEB, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 06 C 3496 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| PRODUCTION ASSOCIATION | ) | |
| "MINSK TRACTOR WORKS," | ) | |
| REPUBLIC OF BELARUS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 5, 2006, the Court entered a judgment (1) confirming a foreign arbitration award involving Suraleb, Inc. ("Suraleb") and Production Association "Minsk Tractor Works," Republic of Belarus ("MTW") and (2) awarding Suraleb prejudgment interest in the amount of $88,777.96. Neither party has complied with the judgment. Suraleb has filed a motion to enforce judgment and allow attachment of MTW's assets. For the reasons set forth below, the Court grants in part and denies in part Suraleb's motion.

I.    **Background**

At about the turn of the century, Suraleb and MTW entered an agreement whereby Suraleb agreed to help MTW collect certain debts in the United States. In 2003, the parties disputed the proper fee for services and, pursuant to an arbitration agreement, submitted the dispute to an arbitration proceeding in Sweden.

On May 31, 2006, in Stockholm, Sweden, the arbitrators rendered a final award (the "Award"). They rendered the following award:

**7      AWARD**

7.1     Production Association "Minsk Tractor Works" shall pay the sum of 2,166,555.00 United States dollars to Suraleb, Inc. against delivery of the assets collected by Suraleb, Inc. on behalf of Production Association "Minsk Tractor Works", as those assets are currently.

7.2     Suraleb, Inc. shall deliver to Production Association "Minsk Tractor Works" assets collected by Suraleb, Inc. on behalf of Production Association "Minsk Tractor Works" as those assets are currently against payment of 2,166,555.00 United States Dollars.

7.3     Production Association "Minsk Tractor Works" is ordered to pay simple interest (not compounded) to Suraleb, Inc. on the sum of 2,166,555.00 United States Dollars from 13 April 2003 until the date of this award at the rate of 5 percent per annum.

7.4     Production Association "Minsk Tractor Works" is ordered to pay to Suraleb, Inc. the sum of 987,224.61 United States Dollars as compensation for the cost of legal representation in this arbitration.

7.5     Production Association "Minsk Tractor Works" is ordered to pay to Suraleb, Inc. the sum of 1,203,761 Swedish Kronor representing costs of arbitration.

7.6     Suraleb, Inc. shall be free to seek post award interest under applicable rules.

7.7     The costs of arbitration and the liability for them shall be as set out at paragraph 6.6 above.

7.8     All other claims are denied.

(Award at 38-39). Paragraph 6.6 of the award stated that "[t]he parties shall be jointly and severally liable for [the costs of the arbitration]. As between the parties they shall be ultimately borne by MTW." (Award at 38).

Suraleb filed a petition to confirm the foreign arbitration award and a motion to confirm. Pursuant to the New York Convention and the Court's jurisdiction under 9 U.S.C. § 203, the Court confirmed the foreign arbitration award. The Court's confirmation of the award was *mandatory* because neither party came forward with evidence of any of the exceptions to the requirement that such arbitration awards be confirmed. *See* 9 U.S.C. § 207 ("The court *shall*

confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.")(emphasis added); *Employers Ins. of Wausau v. Banco De Securos Del Estado*, 199 F.3d 937, 942 (7th Cir. 2000); *Europcar Italia SpA v. Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998); *Alto Mar Girassol v. Lumberman's Mutual Cas. Co.*, Case No. 04 C 7731, 2005 WL 947126 (N.D. Ill. Apr. 12, 2005). When it confirmed the award, the Court also granted Suraleb prejudgment interest in the amount of $88,777.96. Neither party has complied with the judgment.

Suraleb is holding certain assets that belong to MTW. Suraleb wants to attach those assets to satisfy its judgment against MTW.

## II. <u>Discussion</u>

Suraleb's request for a writ of execution is complicated slightly by the fact that MTW is owned by a foreign sovereign. Specifically, MTW is a corporate entity wholly owned by the government of Belarus, such that it falls within the definition of "foreign state" in the Foreign Sovereign Immunities Act. *Autotech Technologies LP v. Integral Res. & Dev't Corp.*, 499 F.3d 737, 743 (7th Cir. 2007). Under the Foreign Sovereign Immunities Act ("FSIA"), a foreign sovereign's property in the United States is generally immune from attachment and execution. *See* 28 U.S.C. § 1609. Section 1610(a) sets out exceptions, including an exception for property used in commercial activity in the United States where "the judgment is based on an order confirming an arbitral award rendered against the foreign state." 28 U.S.C. § 1610(a)(6). Because this judgment was based on an order confirming an arbitral award and concerns property used for commercial activity in the United States, the judgment falls within the § 1610(a) exception. Before the Court can order execution and attachment, however, it must

determine whether a "reasonable period of time" has passed since the entry of the judgment and the giving of notice.  28 U.S.C. § 1610(c).  MTW concedes that a reasonable time has passed, and the Court agrees that MTW has had not just a reasonable period of time but an exceedingly generous amount of time.  *See Karaha Bodas Co., LLC v. Perushaan Pertambangan Minyak Dan Gas Bumi Negara*, Case No. H-01-0634, 2002 WL 32107929 at *2 (S.D. Tex. Jan. 25, 2002) (concluding that 50 days was a reasonable period of time); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D. N.Y. 1988) (concluding that two months was a reasonable period of time).  Accordingly, Suraleb has the right to execute all of its available post-judgment remedies, and the Court is free to order execution and attachment of MTW's property.

Still, because MTW is a foreign state under the FSIA, Suraleb "must identify specific property on which it is trying to act."  *Autotech*, 499 F.3d 737, 750 (7th Cir. 2007).  Furthermore, courts can issue writs of execution against property of a foreign state only if the property is located in the United States.  *Autotech*, 499 F.3d at 750.  This Court can issue a writ of execution with respect to property located in this judicial district only.  *See Gagan v. Monroe*, 269 F.3d 871, 877 (7th Cir. 2001).

In a six-inch thick appendix, Suraleb proffers information about the property it seeks to attach to satisfy the judgment.  Unfortunately, the Court cannot tell from that submission which, if any, of the property is located within this district.  And the Court, because MTW is a foreign state under the FSIA, cannot issue a blanket writ for all property located within this district.  *Autotech*, 499 F.3d at 750.  Accordingly, the Court denies Suraleb's request for a writ of execution.  This denial is without prejudice to Suraleb's right to file a subsequent motion for

writ, and Suraleb should include in such motion a list and description of attachable property that is located within this district.

Finally, Suraleb seeks this Court's leave to register its judgment in other districts for the purpose of enforcing the judgment in those districts. The Court does not believe that Suraleb needs this Court's leave to register the judgment elsewhere because the time for filing an appeal has expired. *See* 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.") Still, to the extent Suraleb requires leave, leave is so granted.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part Suraleb's motion to enforce judgment and allow attachment of MTW's assets.

ENTER:

George M. Marovich
United States District Judge

DATED: January 31, 2008