UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURALEB, INC., ) | |
| Petitioner, ) | |
| ) | Case No. 06 C 3496 |
| v. ) | |
| ) | |
| PRODUCTION ASSOCIATION ) | District Judge George M. Marovich |
| "MINSK TRACTOR WORKS," ) | |
| REPUBLIC OF BELARUS, ) | Magistrate Judge Geraldine Soat Brown |
| Respondent. ) | |

To:   The Honorable George M. Marovich
      United States District Judge

# REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

Petitioner Suraleb, Inc. ("Suraleb") petitions to revive a judgment entered in its favor in 2006. (Pet. Revive J.) [Dkt 100.] Respondent Production Association "Minsk Tractor Works," Republic of Belarus ("MTW") opposes the petition, arguing that Suraleb has failed to provide a proper accounting of the "appropriate credits that should be applied as partial satisfaction of the final judgment." (Resp't Resp. at 10.) [Dkt 108.] In response, Suraleb has moved to amend the petition to change its accounting of credits owed to MTW. (Pet'r Mot. Am.) [Dkt 114.] The District Judge has referred the matter to this court. [Dkt 110, 111.] For the reasons below, the court recommends granting Suraleb's petition, denying the motion to amend the petition, and reviving the judgment.

1

## Background

On December 5, 2006, the District Judge confirmed an arbitration award rendered in Sweden in a dispute between Suraleb and MTW, a corporation owned by the government of Belarus. (Order, Dec. 5, 2006, at 1.) [Dkt 22.] The court entered Suraleb's full request for judgment in the amount of $3,656,757.65 and granted an additional $88,777.96 in prejudgment interest. [Dkt 23.] The court rejected MTW's request to reduce this amount based on Suraleb's alleged failure to comply with the arbitration award's requirement that Suraleb transfer assets to MTW that it had collected on MTW's behalf. (Order, Dec. 5, 2006, at 2, 4.) The court explained that, "if MTW were truly concerned about the return it could be earning on its property, it would have paid Suraleb by now." (*Id.*)

Despite the entry of judgment, the parties' dispute continued. First, MTW moved to enforce the judgment, seeking the court's assistance in obtaining assets from Suraleb. [Dkt 25.] In denying the motion, the District Judge observed that the parties were "engaged in a game of chicken": MTW refused to satisfy the judgment without receiving a list of assets, and Suraleb refused to provide the list before it collected on the judgment. (Order, Feb. 20, 2007, at 3.) [Dkt 35.] The District Judge noted that MTW could ask for discovery of assets to aid in execution of the judgment, or Suraleb could take steps to apply assets to the judgment. (*Id.* at 5-6, citing Fed. R. Civ. P. 69(a).) Suraleb then sought to attach MTW's assets to satisfy the judgment. (Pet'r Mot. Enforce J.) [Dkt 36.] The court denied the request without prejudice, explaining that it could only "issue a writ of execution with respect to property located in this judicial district" and could not tell from Suraleb's "submission which, if any, of the property is located within this district." (Order, Jan. 31, 2008, at 4.) [Dkt 55.]

In 2008, Suraleb moved for turnover of $271,833.15 being held in a client trust account at

2

a law firm in this district. (Pet'r Mot. Execution.) [Dkt 87.] This court recommended that the motion be granted. (Order, Sept. 12, 2008.) [Dkt 92.] The District Judge adopted that recommendation and ordered the law firm to turn over the funds. [Dkt 95.]

In July 2013, nearly seven years after the original entry of judgment, Suraleb moved to revive the judgment in the amount of $4,871,233.[1] (Pet. Revive J. at 2.) This amount includes the original $3,656,757.65 arbitration award, $88,777.96 in prejudgment interest, $1,225,698 in interest that has accrued since the entry of judgement (at a rate of 4.95%), and a credit to MTW of $100,000. (*Id.* at 1.) MTW contends that the proposed credit is too low because Suraleb's calculations fail to account for the funds already recovered in this district and additional money collected through enforcement proceedings in Canada and Wisconsin. (Resp't Resp. at 6-9.) MTW asks that Suraleb be ordered "to provide an accounting of any and all credit due MTW, including an accounting of the assets in Suraleb's possession at the time of the final judgment and the disposition of those assets." (*Id.* at 10.) After the deadline passed for Suraleb to file a reply [*see* dkt 112], Suraleb moved for additional time to file an amended petition to revive judgment, conceding "that MTW is entitled to certain credits not reflected in the original Petition to Revive Judgment." (Pet'r' Mot. Am. at 2.)

**Legal Standard**

Unless otherwise governed by a federal statute, the procedure for executing a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P.

---

[1] The amount requested in Suraleb's petition is rounded down from the exact calculations. Based on the values in the petition, the total revival amount is $4,871,233.61.

69(a)(1).[2] As the Seventh Circuit has explained, "Illinois permits execution until 20 years after a judgment's entry, but if the judgment is older than seven years it must be 'revived' to ensure its continuing validity in the eyes of the rendering court." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 680 (7th Cir. 2003); *see Thomas v. Parkinson*, No. 09-1174, 2009 WL 4429867 at *6 (C.D. Ill. Nov. 25, 2009). "Normally entry of a reviving order should be a clerical task; all it entails is assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Elecs. Corp.*, 321 F.3d at 678. "An order reviving a judgment shall be for the original amount of the judgment. The plaintiff may recover interest and court costs from the date of the original judgment. Credits to the judgment shall be reflected by the plaintiff in supplemental proceedings or execution." 735 Ill. Comp. Stat. § 5/2-1602(d).

## Discussion

MTW argues that Suraleb should provide a full accounting of credits to the judgment before the judgment is revived. (Resp't Resp. at 10.) MTW says that this accounting of credits is needed to calculate postjudgment interest and to ensure that Suraleb does not obtain double recovery by seeking postjudgment interest in this court when it has already received postjudgment interest through the collection proceedings in Canada. (*Id.*)

---

[2] Suraleb says that its petition is filed under 28 U.S.C. § 3201(c)(2), which provides for renewal of certain liens. (Pet. Revive J. at 1.) As MTW points out, however, § 3201(c)(2) is part of the Federal Debt Collection Procedures Act, which details the "procedure for the *United States* to recover a judgment on a debt." (Resp't Resp. at 7, citing 28 U.S.C. § 3001 (emphasis in brief).) Nonetheless, because Suraleb's petition generally conforms with the requirements for petitions to revive judgment under Illinois law, the court will proceed with the petition as submitted.

MTW provides no authority, however, to support its argument that the exact amount of credits must be calculated before the judgment in revived. Although Illinois law requires revival petitions to state the "credits to the judgment, if any," 735 Ill. Comp. Stat. § 5/2-1602(b), the statute also says that these credits "shall be reflected by the plaintiff in supplemental proceedings or execution," *id.* § 5/2-1602(d). Thus, the statute indicates that petitions to revive judgment do not transform into disputes about credits to the judgment. Instead, credits are determined in supplementary execution proceedings, such as Suraleb's action in Wisconsin. *See Suraleb Inc. v. Prod. Assn. "Minsk Tractor Works," Republic of Belarus*, No. 10-C-104, ECF No. 24 (E.D. Wis. Jan. 5, 2011) (order granting Suraleb's motion to enforce this court's judgment by selling MTW property at public action).

Moreover, MTW has not raised any defense to revival of the judgment that is recognized by state law. Under Illinois law, "[t]here are only two permissible defenses to a petition to revive: the denial of the existence of the judgment, or proof of satisfaction or discharge of the action." *In re Laskero*, No. 05 B 53494, 2011 WL 4828843 at *2 (Bankr. N.D. Ill. Oct. 1, 2011) (citing *Dept. of Public Aid v. McGinnis*, 643 N.E.2d 281, 285 (Ill. App. 4th Dist.1994). It is because of these limited defenses that "the entry of a reviving order should be a clerical task," requiring only an "assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Elecs. Corp.*, 321 F.3d at 678. MTW does not suggest that the judgment has been satisfied entirely and thus offers no persuasive defense against revival of the judgment.

MTW also fails to support its theory that this court should limit postjudgment interest based on money recovered in proceedings in Canada. Postjudgment interest accrues automatically "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see Miller v.*

5

*Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir. 1998). MTW cites no authority authorizing the court to release MTW from its obligation to pay postjudgment interest up to the date the judgment is paid in full. *See Trustees of Chi. Plastering Inst. Pen. Trust v. R.G. Constr. Servs., Inc.*, No. 05 C 5669, 2009 WL 3187390 at *7 (N.D. Ill. Sept. 30, 2009) (awarding interest "until full payment is made"); *cf. Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 838 (1990) (noting that the ending point for accrual of interest "is set by the party who pays the judgment"). Because MTW has not paid the full judgment, Suraleb is entitled to postjudgment interest accrued since December 5, 2006.

Accordingly, it is recommended that an order be entered for the original judgment amount of $3,745,535.61 (the $3,656,757.65 arbitration award plus $88,777.96 in prejudgment interest), recognizing that Suraleb remains entitled to postjudgment interest under § 1961(a). The order will not be "the creation of a new judgment, but rather a continuation of the judgment revived." *First Natl. Bank in Toledo v. Adkins*, 650 N.E.2d 277, 279 (Ill. App. 4th Dist. 1995). The court further recommends taking no position on the proper amount of credits as part of the ruling on the petition to revive the judgment; a determination of the exact credit amount is not necessary to revive the judgment and thus the issue of credits is not properly before the court at this time. Thus, Suraleb's motion to amend the petition to change its accounting of credits owed to MTW should be denied.

**Conclusion**

For the reasons and to the extent stated above, the court recommends granting Suraleb's petition to revive judgment and denying its motion to amend the petition. Specific written objections to this report and recommendation may be served and filed within 14 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the district court within

the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

_____
Geraldine Soat Brown
United States Magistrate Judge

Date: November 8, 2013