UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURALEB, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 06 C 3496 |
| v. | ) |
| | ) Judge George M. Marovich |
| | ) |
| PRODUCTION ASSOCIATION | ) |
| "MINSK TRACTOR WORKS," | ) |
| REPUBLIC OF BELARUS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

The parties to this case have a history of first asking the Court for relief and only later citing (and perhaps researching) the applicable law. This shoot-first-aim-later approach has rendered more complex a relatively straight-forward motion to revive a judgment.

On June 27, 2006, petitioner Suraleb, Inc. ("Suraleb") filed a petition to confirm a foreign arbitration as to respondent Production Association "Minsk Tractor Works," Republic of Belarus ("Tractor Works"). The arbitrators had rendered an award that, among other things, required Tractor Works to pay Suraleb $2,166,555.00 plus $987,224.61 for attorneys' fees plus 1,203,761 Swedish Kronor for the costs of arbitration. On December 5, 2006, the Court entered judgment confirming the arbitration award and granting Suraleb $88,777.96 in prejudgment interest.

After nearly seven years had passed, Suraleb filed a motion to revive the judgment. In its motion, it asked the Court to revive the judgment in the amount of $3,745,535 plus $1,225,698 in post-judgment interest. Suraleb also noted in its motion that Tractor Works was entitled to credits in the amount of $100,000.00.

The Court referred Suraleb's motion to Magistrate Judge Brown, and the parties briefed the motion. After the deadline for filing a reply in support of its motion to revive the judgment, Suraleb filed a motion for leave to amend its motion to revive the judgment. In its motion to amend, Suraleb noted that Tractor Works was entitled to additional credits against the judgment and that it wanted a chance to include them. On November 8, 2013, Magistrate Judge Brown entered a Report and Recommendation, in which she recommended that Suraleb's motion to amend be denied and that its motion to revive the judgment be granted, though without putting a dollar figure on the post-judgment interest.

Tractor Works filed timely objections, which are now fully briefed. For the reasons set forth below, the Court adopts in part the Report and Recommendation of the Magistrate Judge, overrules Tractor Works' objections, grants the motion to revive the judgment and denies as moot the motion for leave to amend the motion to revive the judgment.

## I. Standard of review

When a magistrate judge has issued a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

## II. Discussion

Rule 69 of the Federal Rules of Civil Procedure says that execution of a judgment must proceed according to state law. Fed.R.Civ.P. 69(a)(1). Under Illinois law, a judgment is good for seven years, but it can be revived (*see* 735 ILCS 5/12-108(a)) within twenty years of the date of judgment (*see* 735 ILCS 5/13-218). The Illinois code sets out the procedure:

> (a) A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant.
>
> (b) A petition to revive a judgment . . . shall include a statement as to the original date and amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.
>
> \* \* \*
>
> (d) An order reviving a judgment shall be for the original amount of the judgment. The plaintiff may recover interest and court costs from the date of the original judgment. Credits to the judgment shall be reflected by the plaintiff in supplemental proceedings or execution.

735 ILCS 5/2-1602. The entry "of a reviving order should be a clerical task; all it entails is assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Electronics Corp. v. Draiman*, 321 F.3d 677, 680 (7th Cir. 2003). Illinois courts recognize only two defenses to a motion to revive a judgment: (1) the original judgment did not exist; or (2) the original judgment was satisfied or discharged. *Department of Public Aid v. McGinnis*, 643 N.E.2d 281, 285 (Ill.App.Ct. 4th Dist. 1994); *First Nat'l Bank of Marengo v. Loffelmacher*, 603 N.E.2d 80, 84 (Ill.App.Ct. 2nd Dist. 1992).

Based on this law, Magistrate Judge Brown concluded that the judgment should be revived in its original amount. Tractor Works (without citing any Illinois law on reviving judgments) had argued that Suraleb should be made to account for all credits to the judgment before revival of the judgment. The Magistrate Judge rejected the argument that credits must be

factored into a revived judgment, relying on the Illinois code's language that credits are to be reflected in subsequent proceedings. Although Magistrate Judge Brown recognized that Suraleb could recover post-judgment interest, she declined to calculate the appropriate amount of post-judgment interest.

Tractor Works makes two objections to Magistrate Judge Brown's Report and Recommendation. First, Tractor Works objects to her recommendation that the Court deny Suraleb's motion to amend its motion to revive. Second, Tractor Works objects that post-judgment interest cannot be calculated without reference to the amount of the judgment Tractor Works has already paid down.

### *The recommendation to deny Suraleb's motion to amend*

Tractor Works makes two argument in support of its first objection [that the Magistrate Judge erred in recommending that Suraleb's motion (for leave to amend its motion) be granted].

First, Tractor Works cites Rule 15(a)(2) for the proposition that a Court should freely grant a party leave to "amend its pleading" when justice so requires. A motion to revive a judgment, though, is not a *pleading*, so Rule 15 is inapplicable. Fed.R.Civ.P. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.").

Tractor Works' better argument is that the Illinois code for reviving judgments *requires* a moving party to include a statement of the "credits to the judgment, if any." 735 ILCS 5/2-1602(b). Although Tractor Works did not cite this provision to the Magistrate Judge, it wants

this Court to enforce it now. Suraleb, when it filed its motion to amend, essentially conceded that Tractor Works was entitled to additional credits, and Tractor Works wants those credits outlined before the Court considers the motion to revive the judgment.

Doing so would be a waste of time and merely postpone the inevitable. According to the plain language of the Illinois code, the "order reviving a judgment *shall be for the original amount of the judgment*." 735 ILCS 5/2-1602(d) (emphasis added). Thus, the amount of the credits does not matter for ruling on the motion to revive *so long as* the judgment has not been satisfied. The obvious purpose of §2-1602(b)'s requirement (that the credits be listed on the petition to revive) is to allow a court to determine whether a judgment has been satisfied before reviving said judgment. That requirement is particularly important when the person against whom the original judgment was entered is not present to state whether the judgment has been satisfied. Here, though, Tractor Works is present *but does not* suggest that the judgment has been satisfied. (In other words, Tractor Works cannot make out a defense to an order reviving the judgment.) Any error in not allowing Suraleb to amend its motion to include additional credits is *harmless* where, as here, the judgment debtor is present and concedes that the judgment has not been satisfied. Tractor Works' objection is, therefore, overruled.

### *Post-judgment interest*

When Suraleb filed its petition to revive the judgment, it asked the court to include $1,225,698 in post-judgment interest. Magistrate Judge Brown declined to include a calculation of post-judgment interest, and it is unclear why Tractor Works objects. What is clear is that Tractor Works believes the amount of post-judgment interest Suraleb demanded is too high, because Suraleb's calculation fails to account for credits to the judgment. Although the Court

does not disagree with the proposition that post-judgment interest should accrue only on portions of a judgment that are not yet paid, this is not an issue that must be addressed at this time. The Magistrate Judge did not set an amount for post-judgment interest; she merely recognized that Suraleb remains entitled to post-judgment interest on the judgment. (Report and Recommendation at 6). This is true, because post-judgment interest accrues on all federal judgments (28 U.S.C. §1961(a)), a legal proposition Tractor Works does not dispute.

What is also clear is that an order reviving the judgment "shall be for the amount in the original judgment." Although Suraleb is entitled to post-judgment interest by virtue of § 1961(a), nothing in the Illinois code suggests that the amount of post-judgment interest must be calculated and included in an order reviving a judgment. Accordingly, the Court will revive the judgment in its original form, without quantifying an amount of post-judgment interest. Tractor Works' objection is overruled.

The Court, therefore, adopts the portions of Magistrate Judge Brown's November 8, 2013 Report and Recommendation [117] that are consistent with this opinion. The Court overrules Tractor Works' objections. The Court grants Suraleb's motion [100] to revive the judgment and hereby revives the December 5, 2006 judgment confirming the arbitration award and granting petitioner Suraleb, Inc. $88,777.96 in prejudgment interest. The Court denies as moot Suraleb's motion [114] to amend its motion.

### III.  Conclusion

For the reasons set forth above, the Court adopts the portions of Magistrate Judge Brown's November 8, 2013 Report and Recommendation [117] that are consistent with this

opinion. The Court denies Tractor Works' objections. The Court grants Suraleb's motion [100] to revive the judgment. The December 5, 2006 judgment confirming the arbitration award and granting petitioner Suraleb, Inc. $88,777.96 in prejudgment interest is revived. The Court denies as moot Suraleb's motion [114] to amend its motion.

ENTER:

George M. Marovich
United States District Judge

DATED: January 21, 2014